Good morning, Your Honors. Vince Bronco, Federal Defenders, on behalf of Mr. Gonzalez. This Court's two-definition approach to sexual abuse of the minor is in obvious need of clarification. And the Hijawine, the Supreme Court case that was decided after Medina Villa, which I submit creates this, I think, chaos that we're in, settles the matter. Because one of the definitions here, and that is the Medina Villa definition, is not based on what a traditional criminal offense. It is based on just using, taking the words separately from the dictionary and trying to determine a meaning. But in the Hijawine, the Hijawine specifically said that the aggregated felony statute lists several of its offenses in language that must refer to generic crimes.  The Hijawine was issued a year and a half ago. We've had lots of decisions since then that continue down the two-definition trail. And no court has, in a published opinion, addressed this matter of whether or not, because of what the Hijawine says, its mode of reasoning, that sexual abuse of a minor refers to a criminal offense, not just a bunch of words as Medina Villa and the Barone Medina cases hold, that that is rejected. And so the only definition that this court should apply in this case is a definition consistent with Estrada Espinoza. Because the Estrada Espinoza definition really takes into account of what Congress meant when it added this offense of sexual abuse of a minor to the statute. I'd like to go back to when Congress initially created the codes relating to sexual abuse of a minor. It did that in 1996, and when it was making this overhaul, and these sections are like 2243, 2241C, that include sexual abuse of a minor and aggravated sexual abuse of a minor, it said, we're expanding the offenses to reach all forms of sexual abuse of another. It also said that these statutes were drafted broadly to cover the widest possible variety of sexual abuse. To accept the Medina Villa definition, you'd have to accept the premise that ten years later, when Congress added the term sexual abuse of a minor to the immigration code, it wanted an even broader definition, because that is the definition that the Medina Villa relates. You give us legislative history which says it wants the broadest definition. Pardon me? I understood the legislative history you read to us as indicating Congress was looking in 1996 to the broadest possible definition. Yes. What could be broader? Because in 1986, Congress codified that definition, and it codified it at 2243 and 2241C, and that is basically the sexual act with someone under 12, that is sexual abuse of a minor. If you're between 13 and 16, there has to be an age difference, and anything above that is not sexual abuse. And that's what Congress set the range in 1986. Now, did they think that somehow the law changed ten years later? There's no indication in the congressional record that Congress wanted a definition which Medina Villa is broader than what it set its definition as ten years earlier. In fact, Congress, in the same omnibus legislation, slightly modified the reach of 2243, which is sexual abuse of a minor, when it enacted in OIRA the sexual abuse of a minor to the immigration code. So it was using the same terms and the same legislation, but because Medina Villa line of cases never actually look into congressional intent, they don't look into whether or not, wow, did Congress really mean to define this term two different ways in the same piece of legislation? And so... But the effect of what you're trying to advocate is in fact a narrowing of the definition, which appears to fly in the face of a cited congressional intent to make it as broad as possible. No. What I'm arguing is that if you look at congressional intent of what they meant for the generic offense of sexual abuse of a minor, they defined it in their federal criminal code. That's exactly what Estrada Espinosa said. The reason why this court, in its two-definition approach, has a broader definition is because in... ...rejected looking at the criminal code to define the offense. Instead, they just used the dictionary, separated the words, and said, okay, sexual means this, abuse means this, with a minor means this. But Neheshawan says that that's not the way to go. Because Neheshawan says this term, sexual abuse of a minor, relates to a criminal offense. That's why Neheshawan has rejected the line of Medina via cases that started with Barone, and that that's why this court should only apply an Estrada Espinosa definition. And under the Estrada Espinosa definition, you cannot reach the modified categorical approach, because this Oregon statute does not contain an element of an age difference. Well, I thought we could only use the modified categorical analysis because the Oregon statute is written in the disjunctive. You can... I understand you don't want us to use one of the definitions that we would examine in using the modified categorical approach. But your analysis doesn't yield, at the end of the story, when it doesn't meet the categorical exemption, does it? Or it doesn't fit under categorical? I guess to clarify, we can use the categorical approach to some extent in this case to figure out what subsection of the Oregon statute that Mr. Gonzalez was convicted of. In this case, you can narrow it down to that he was convicted of the subsection that applies to... But because it's written in the disjunctive, aren't we required to use the modified categorical analysis if we're to find that the elements of the offense are met at all? No, because the Oregon statute never requires a conviction of someone under 12, or it never requires an age difference between someone between the ages of 12 and 16 and the person that commits the crime. It's plain in Estrada-Espinoza that that is one of the situations where... Okay, so if I agree with you about Estrada-Espinoza, your client is home free if we apply that definition. But why can't we apply the definition under Medina v.a. in this case, given exactly what the plea agreement said and the fact that this young woman was under 14? Because, you know, a major part of my argument is that the Medina v.a. definition just can never be used because it's inconsistent with Nehijewan and... And if I don't agree with you, you're lost then on that point? No, I have a backup argument. Give it to us. If we go into the Medina v.a. definition, I think we talked a little bit about Duenas-Alvarez today, but we have to show that there's a realistic probability that a statute would be used to convict someone that doesn't fit the definition. And the Rodriguez case that I've cited shows two instances of the state of Oregon prosecuting someone in a situation that doesn't meet a Medina v.a. common-sense definition of what constitutes sexual abuse of a minor. When you're fishing and place your hand somewhere where a 13-year-old leans back on the back of your hand, that is just not sexual abuse under a common-sense definition. Neither is a female hugging a 13-year-old so the back of his head touches her closed breath when you're in a room full of people. And that's just using a Medina v.a. common-sense approach. No case has ever held that a state offense that applies so broadly is sexual abuse of a minor. Good morning. May it please the Court, Mark Brady for the United States. I think, Your Honors, at this point in the analysis, there's no question that right now under prevailing circuit law, there are two alternative federal generic definitions of sexual abuse of a minor. It also can't be disputed that the government need only satisfy one, and I don't think there can be any credible dispute that in this case, the government has met the one, and it's the Medina v.a. definition. In Medina v.a., this Court held that sexual contact with a minor under the age of 14 is per se abuse for purposes of the third abuse element of Medina v.a. That is exactly what happened in this case. Through the judicially noticeable documents, this defendant in this case admitted as the factual basis for his plea to the charge in the information, and what did the charge in the Oregon information say? Just like the last case, touched the vaginal area of a girl who was under 14. That's really the end of the story. I think my opponent realizes much, so he's forced to make a couple desperate arguments, and I say that with all respect. We all play with the cards we're dealt. Exactly. But still, I have to address those arguments, and what are the two arguments that he makes? The first one is that somehow the Medina v.a. definition was wrongly decided, and I think that was the part about the legislative history and Estrada Espinosa, in his opinion, more adequately meets that definition. Your Honor, as a three-judge panel, that's not something for this Court to decide. That's an en bas argument, and I think that's all that needs to be said about that. Now, the other argument, of course, the anal mary here, is that Mujuan somehow overrules Medina v.a. Mujuan was not about sexual abuse of a minor. It wasn't even a case for the alien one. It makes one single passing reference to Estrada Espinosa in a prefatory general legal discussion, and it is in no ways the endorsement that the defense claims it is. The issue in Mujuan was whether one would apply the traditional Taylor categorical approach or what was newly coined as a circumstance-specific approach, and what the Supreme Court is doing in that part of the opinion that the defense hangs their hat on is simply saying that when a given enhancement is defined in terms of a traditional crime, a generic crime, we apply the traditional approach, whereas on the other hand, if the enhancement has added language, such as committed a robbery in which the loss was at least X amount of dollars, then you apply the circumstance-specific approach. So that portion of the opinion that mentions Estrada Espinosa, all it does is a laundry list of cases that say, well, sexual abuse of a minor ends there, period. There is no added qualifying language. So it doesn't get the circumstance-specific approach. It gets the Taylor categorical approach. That says nothing about the relative merits of the Medina v.a. definition. It says nothing as to whether Estrada Espinosa and Medina v.a. can coexist. And, in fact, there is one other case that Nijuan cites at the end of the same string site. It's a Second Circuit case called Santos v. Gonzalez. It cites Santos for the same proposition that it cites Estrada Espinosa, and Santos has an entirely different definition of what sexual abuse of a minor. And, in fact, it uses one that's even broader than this court held in Estrada Espinosa. So when he gets up on rebuttal, I'd love to hear him explain why, when the Supreme Court lists three separate cases applying a traditional categorical approach to sexual abuse of a minor, the one that he wants to pick out is somehow the magic one and somehow represents the Supreme Court's endorsement of that as the only one. And, really, the last thing I'll say about that, the test he needs in order to prevail on this Nijuan somehow overruled substantial Medina v.a. isn't just that it might be arguably attention or somewhat at odds. It has to be clearly irreconcilable. It's always a hard word to say, but it's a difficult high threshold. Can this court honestly say that Nijuan, in one sentence of a string site in a preparatory discussion of Estrada Espinosa, somehow renders that case clearly irreconcilable with Medina v.a.? I don't think so. And, in fact, at page 24 of the appellant's opening brief, I find it kind of ironic. He's actually, you know, he argues this passing reference when it suits him, but then he argues against it when it doesn't. At page 24 of the opening brief, the defense counsel criticizes the sentence in Medina v.a. that it says, far from overruling Barra Medina, we affirmatively endorsed it in Estrada Espinosa. And then he goes on, I'll quote, to say, making a passing reference which was unnecessary to the federal definition to Barra Medina cannot be construed as an endorsement of Barra Medina's alternative definition of sexual abuse of a minor. So I would say you can use that same analysis to preclude this argument under Nijuan. And unless the court has any other questions, the government would submit on its papers. Thank you. I'll try to respond quickly to the challenge of discussing Santos. With the site in Nijuan, I'm not just arguing that because Nijuan cited Espinosa, that's why that definition applies. What I'm actually relying on also is where Nijuan said that aggravated felony statutes list several of its offenses in language that must refer to generic crimes. And it specifically lists sexual abuse of a minor as one of those crimes. What that does is it rejects the mode of analysis that's in Barron Medina, Medina v.a. and all the common understanding cases. Because the mode of analysis in those cases are that we can just break up this term and take a dictionary approach to each word. The sites that are included in the rest of, in addition to Estrada Espinosa, the Santos opinion in particularly, that case does not use the common dictionary approach either. It takes an approach of looking into what possible statutes that Congress could have been referring to. They're looking into congressional intent. And the two cases may reach different results, but the mode of analysis is the same. We need to revisit this, what the meaning of sexual abuse of a minor is, by looking into what Congress intended. Thank you. This matter is submitted.
judges: Pregerson, Clifton, Smith M.